Argued November 21, 1929; affirmed February 11,
rehearing denied March 11, 1930

# McCREDIE *v.* ELMER ET AL.

(284 P. 573)

*C. Y. Wigfall* of Portland for appellant.
*John H. Hall* of Portland for respondents.

RAND, J.  On May 14, 1926, the Bell Ice Machine & Refrigerator company, a corporation conducting business at Portland, Oregon, entered into a conditional sales contract with defendants whereby it undertook and agreed to sell and deliver one Bell ice machine and to install the same upon defendants' premises for the sum of $380, for which defendants promised and agreed to pay $100 in cash and to execute and deliver their note for the balance of said purchase price.  At the time the contract was entered into, defendants executed and delivered said note but they have not paid said sum of $100 or any part thereof, nor has the corporation ever delivered or tendered said or any machine or done any act in performance of its contract.  Immediately following its execution, the corporation delivered the note to the Hibernia Commercial & Savings bank with this indorsement written thereon:

"Bell Ice Machine & Ref. Co., By W. S. Kellogg, Treasurer,

For value received —— hereby endorse and transfer the within note to Hibernia Commercial & Savings Bank, guarantee the payment of the same, consent to any extension of time or renewal thereof, and waive

presentment, demand, protest and notice of non-payment thereof.

W. W. McCredie,<br>W. S. Kellogg.''

The bank then credited the corporation with the amount of the note and held it until a short time before its maturity, when it notified the makers thereof that it was the holder of the note and demanded payment thereof, and, upon the makers' refusal to pay, because the corporation did not have sufficient funds to its credit in the bank to take over the note, the bank delivered the same to plaintiff, who was one of the indorsers thereof, and charged the same against his individual account in the bank. During all of said times plaintiff was the president of said corporation and a director thereof, and was also a stockholder of the corporation and took part in the conduct of its affairs. After the delivery of the note by the bank to plaintiff, plaintiff brought this action to recover the amount of the note and alleged that the note had been executed for value. The answer denied all of the allegations of the complaint and alleged a failure of consideration and plaintiff's knowledge thereof. These allegations were put in issue by the reply. Upon the trial, defendants offered evidence tending to show that plaintiff knew at the time of the transfer of the note to the bank that the note had been given without consideration, and during the progress of the trial plaintiff moved for a directed verdict which was overruled by the court. The trial resulted in a verdict for defendants and from the resultant judgment plaintiff has appealed.

Plaintiff's principal contention is that when the bank took over the note and paid value for it by crediting the amount of the note to the corporation, the bank

became a holder in due course and that when the bank returned the note to him and charged his account therewith, he became a holder in due course and, as such holder, he is entitled to enforce the note for the full amount thereof and that he took the note freed from all defenses which the makers could have made if the action had been brought by the corporation and that, by reason thereof, it was error for the court to direct a verdict for defendants.

■ Plaintiff was president of the corporation and a director thereof and was familiar with its business affairs. As such, he is, as a general rule, ''chargeable with knowledge of all matters relating to the affairs of the corporation which he actually knows or which it is his duty to know.'' 21 A. & E. Enc. of Law (2d Ed.), p. 896. Having come into the possession of the note as president of the corporation and having participated in its transfer to the bank for the purpose of obtaining credit for the corporation, it was his duty to know the consideration for which the note had been given and whether the consideration had been executed or was wholly executory. Therefore, he knew or should have known that the consideration was wholly executory and that there would be a failure of consideration unless the corporation performed the contract upon its part. Knowing this, he, as an officer of the corporation, transferred the note to the bank and indorsed the same in his individual capacity and, when it was retransferred to him by the bank because of its nonpayment by the makers and his indorsement and guaranty of payment, he took the note charged with knowledge that the consideration for the note had failed and that the note, for that reason, was unenforceable in the hands of the corporation.

■ Any valid executory agreement, such as an agreement to sell goods, is a sufficient consideration to support a negotiable instrument. 8 C. J. § 366. But a note, where there has been an entire failure of consideration, is unenforceable in the hands of the original payee or one charged with notice thereof. The negotiable instrument law expressly provides that a holder, who derives his title through a holder in due course and who is not himself a party to any fraud or illegality affecting the instrument, has all the rights of such former holder in respect to all parties prior to the latter. Sections 7849, 7850, Or. L.; 8 C. J. p. 486, § 685. But "where the payee of a note sells it to an innocent third person and repurchases it for value, he does not thereby become possessed, as a bona fide purchaser, of any better right as against the maker than he possessed in the first instance." 8 C. J. p. 470, § 687. The wrongful transfer of a negotiable note given without consideration to a bona fide purchaser, thereby cutting off the maker's valid defense, gives the maker a cause of action for the damages resulting therefrom. 8 C. J. p. 380, § 564. And all persons participating in the commission of such wrong are personally liable. Corporations act only through their officers and an officer of a corporation who negotiates a note of the corporation, the consideration for which is wholly executory, to a bona fide purchaser with knowledge upon his part that the consideration is executory and afterward fails to have the corporation execute the consideration, brings about the very condition which makes the note illegal and when it is retransferred to him by such purchaser, he being a party to the illegality of the note, is not a holder in

due course under the statute although he acted only as an officer of the payee corporation in bringing about the illegality.

■ Whether plaintiff had actual knowledge at the time of transferring the note to the bank and guarantying its payment that the consideration for which the note was given was wholly executory and would fail unless the machine should be thereafter sold and delivered to the makers of the note, in consideration of their promise to pay the note, was not fully established upon the trial, but, as an officer of the corporation negotiating the note to an innocent purchaser, it was his duty to know that fact and, under the authority cited, he was chargeable with knowledge of it and, having negotiated the note, it was his duty to see that the corporation executed the consideration. The answer had alleged knowledge upon his part and this allegation had been denied by the reply. Although present at the trial, as the record shows, plaintiff did not offer himself as a witness and introduced no evidence tending to show that he did not have such knowledge. Under such circumstances, his participation as an officer of the corporation in negotiating the note to the bank materially assisted the corporation in the perpetuation of a fraud upon the makers and when the note was retransferred to him, the consideration having failed largely through his own fault, he took it subject to all defenses that could have been urged against it in the hands of the original payee. Under the circumstances disclosed by the evidence, the overruling of the motion for a directed verdict was proper and there was sufficient evidence to warrant the jury in returning a verdict for defendants.

■ Plaintiff also contends that the court erred in some of its rulings upon the admission of evidence. The testimony complained of tended to prove failure of consideration which was material and proper testimony in the case. Failure of consideration may always be shown in any action upon a negotiable instrument, where the party suing is not a holder in due course, the same as in an action on a non-negotiable chose in action. The defense of failure of consideration is a good defense when made in an action between the original parties and it is equally good as against all other holders of the instrument unless the holder is a holder in due course and, since plaintiff was not a holder in due course, the testimony showing the failure of consideration for which the note was given was admissible.

Finding no error in the record, the judgment must be affirmed.

CosHow, C. J., McBride and Rossman, JJ., concur.